IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BYRON BLAKE, | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
| vs. | )   Case No. 15-CV-616-NJR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|        Respondent. | ) |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

On March 29, 2007, Byron Blake was convicted by a jury of conspiracy to distribute crack cocaine and possession with intent to distribute crack cocaine and cocaine (SD Ill. Criminal Case 06-cr-30146, Docs. 116–119). He was sentenced to 420 months' imprisonment (*Id.* at Docs. 152, 156). Blake appealed. The United States Court of Appeals for the Seventh Circuit affirmed his conviction and sentence on September 3, 2008 (*Id.* at Doc. 181). Blake then filed a timely habeas petition under 28 U.S.C. § 2255, claiming ineffective assistance of his original attorney, his trial attorney, and his attorneys on direct appeal (SD Ill. Civil Case 09-cv-555, Doc. 1). The trial court denied his § 2255 petition as well as his request for a certificate of appealability (*Id.* at Docs. 21, 23). Blake appealed to the Seventh Circuit, who granted his request for a certificate of appealability and recruited counsel, Matthew R. Carter, to assist him (*See id.* at Doc. 33). The Seventh Circuit ultimately affirmed the trial court's denial of Blake's § 2255 petition on October 2, 2013 (*Id.* at Doc. 30). And the Supreme Court of the United States denied

Blake's petition for a writ of certiorari on June 14, 2014. *Blake v. United Sates*, 134 S.Ct. 2830 (2014).

Presently before the Court is Blake's second habeas petition under 28 U.S.C. § 2255, which he filed on June 3, 2015 (Doc. 1). As far as the Court can tell, Blake is now claiming ineffective assistance of his counsel, Matthew R. Carter, who represented him on the appeal of his first § 2255 petition, (Doc. 1). For relief, Blake specifically asks the Court to vacate his sentence (Doc. 1).

Under Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts, a judge receiving a § 2255 petition must conduct a preliminary review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." A preliminary review of Blake's petition shows that it must be dismissed because it is an unauthorized second or successive habeas petition.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "governs § 2255 proceedings and imposes tight limits on second or successive petitions." *Vitrano v. United States*, 721 F.3d 802, 806 (7th Cir. 2013) (citing *Suggs v. United States*, 705 F.3d 279, 285 (7th Cir. 2013)). Specifically, AEDPA "allows every prisoner one full opportunity to seek collateral review." *Vitrano*, 721 F.3d at 806 (quoting *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)). Any additional, later-filed petition under 28 U.S.C. § 2255 is a "second or successive" motion, which a district court may not entertain "unless the prisoner has first obtained authorization to file from the court of appeals." *United States*

*v. Obeid*, 707 F.3d 898, 901 (7th Cir. 2013) (citing 18 U.S.C. §§ 2244(a); 2255(h)).

Blake previously filed a § 2255 petition and received a full round of collateral review. The instant habeas petition is his second attempt at relief under § 2255, which requires prior approval from the Seventh Circuit. There is no indication, however, that Blake asked the Seventh Circuit for permission to file his second § 2255 petition. Therefore, this Court is without jurisdiction to consider it, and it must be dismissed. *Obeid*, 707 F.3d at 901 (citing *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996)).

Accordingly, Blake's June 2015 habeas petition under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** for lack of jurisdiction.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Proceedings instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003). To meet this requirement, the petitioner must "demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong." *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)). The petitioner need not show that his appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El*, 537 U.S. at 337, 338.

Here, Blake did not obtain leave to file a successive § 2255 petition. For this reason, the Court could not undertake merits-based review of Blake's claims and had to

dismiss his petition for want of jurisdiction. Reasonable jurists would not find debatable or wrong this Court's assessment of the impediment to § 2255 relief. This Court **DENIES** issuance of a certificate of appealability.

    **IT IS SO ORDERED.**

    **DATED:   June 29, 2015**

    <u>s/ Nancy J. Rosenstengel</u>
    **NANCY J. ROSENSTENGEL**
    **United States District Judge**